## Helen Zaucha, Defendant in Error, v. Fred Smolinsky, Plaintiff in Error.

### Gen. No. 23,017.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Action by Helen Zaucha, plaintiff, against Fred Smolinsky, defendant, to recover damages for the utterance of slanderous words concerning plaintiff. From a judgment for plaintiff for $200, defendant brings error.

FRANK PESKA, for plaintiff in error.

A. F. W. SIEBEL, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13a*—*what does not constitute variance between statement of claim and proof in action of slander.* In an action for slander in the Municipal Court of Chicago, where the statement of claim alleged that defendant had used words concerning plaintiff, intending thereby to charge that she had committed fornication with a married man, and did not purport to confine the defamatory utterances to a discourse between plaintiff and defendant, *held* that it was proper to show not only utterances by the defendant in the presence of the plaintiff, but also those made to other parties in her absence.

2. LIBEL AND SLANDER, § 58*—*when remarks are not privileged.* In an action of slander for charging plaintiff with fornication with a married man, *held* that the contention that the remarks were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

privileged, because made to defendant's employer, was without merit where it appeared that the statements were made simply as an excuse for defendant's own misconduct and that the remarks were made to other employees.

3. LIBEL AND SLANDER, § 145*—*when evidence is sufficient to sustain verdict.* In an action of slander to recover damages for the utterance of slanderous words, charging plaintiff with having committed fornication with a married man, evidence *held* sufficient to sustain a verdict for plaintiff.

4. LIBEL AND SLANDER, § 142*—*when evidence that plaintiff was not guilty of charge of fornication is admissible.* In an action to recover damages for the utterance of slanderous words, charging plaintiff with having committed fornication with a married man, where defendant pleaded the truth as a defense, *held* that it was not error to admit testimony that plaintiff did not commit fornication with the party named by defendant.

5. LIBEL AND SLANDER, § 37*—*what is slanderous per se.* A charge of fornication is slanderous *per se.*

6. LIBEL AND SLANDER, § 21*—*when malice presumed.* Malice will be presumed by the use of words actionable *per se.*